John M. Couget— : No. 8 0 0 0 .

—versus— : Court of Appeal.

Henry Vezien & Raymond Nelson.: —Parish of Orleans.
*****

Dinkelpiel. J.

Dinkelspiel. J.

This suit substantially presents that defendants are co-partners, and reside in the City of New Orleans, and are indebted to plain- -tiff in the sum of $1.000., and claimimg further, that defendants be enjoined from carrying on the business of a Laundry and operating same because same is a nuisance, per see; that plaintiff's home is at No. 113 Oliver Street, and he has his residence which is a two story back cottage in the residential section of this City; that defendants operate at No. 539 Patter -son Street near Oliver Street, and conduct their establishment illegally, operating out of the common order, a so called steam laundry in the rear of their place of business which laundry adjoind the rear portion of plaintiff's home, and is conducted in such a manner as to be seriously detrimental and injurious to the peace, quiet and comfort of the neighbors, and particularty of plaintiff and his family, and that the business is so operated and managed consituting it a nuisance, and the manner of it's operation and management, and the way the buildings are reconstructed and used by defendants effect seriously the health and comfort of plaintiff and of his wife and family residing with him. He annexes to his petition a skecth which gives the rear of plaintiff's home and adjoins the rear line of the board building occupied by defendants and used as a steam laundry, and the only seperation between the premises of plaintiff and said laundry is a loose feather edge pine board division fence, two story in highth, built in an insufficient and imperfect manner with improper materials. That plaintiff's sleeping apartments are in the rear second story of his home, and his kitchen and dinning room are in the rear lower portion of his home only a few feet from where defendants have established their so called laundry which is operated daily from early morning until late at night; that on account of the manner in which said laundry is set up ot built, and it's operation and management are conducted, plaintiff and his family have been

480

injuriously effected in health by constant offensive noxious orders eminating from said laundry, noxious steam and gasses which are permitted to ~~permiate~~ the atmosphere and makes it impossible for plaintiff and his family to remain in their sleeping and cooking apartments, and they have perforce been compelled to abandon same and therefore deprived of the peaceful use and enjoyment of their home, and that besides oders, gasses, steam and other nuisances above referred to, the said laundry is being operated in such a manner as to constitute a nuisance on account of the excessive noises, unreasonable hum rumbling escape of steam and vibrations from defective installmets all to the great injury of plaintiff, and the impairment of his physical comfort and enjoyment of his home and that of the residents of the neighborhood, and for these and other causes plaintiff claims a judgment for $1.000., together with a judgment forbidding and preventing the said laundry from useing and operating said establishment under conditions as set up by plaintiff. Accompanying this petition, plaintiff, files his affidavit together with a bond as fixed by the Court. A rule ni si was issued on defendants to show cause why a preliminary injunction should not issue.

To this petition an exception of no cause of action was filed which was overruled, and an answer was filed, reserving the benefits of said exception, and denying any indebtedness to plaintiff in any sum whatsoever. Admits that plaintiff resides in the premises as stated by him, but denies any and every other allegation in the petition contained. They futher aver that they are conducting, at the place stated by plaintiff, a drying and cleaning establishment, but deny that they are illegally operating said business out of common order and custom; they deny that the neighborhood is a residential one, but contend that all of the buildings facing Patterson Street are business estab -lishments. Admit that their property adjoins the rear portion of the premises occupied by plaintiff, but deny that their business is conducted in such a manner as to be detrimental and ＼

481

injurious to the peace, quiet and comfort of the neighborhood
and of plaintiff; deny that they manage and operated their said
business in such a manner as to constitute a nuisance, and also
deny that they conduct their business in a careless, negligent
and illegal manner that the health and comfort of plaintiff and
his family have effected in any manner whatsoever as a result
of the conduct by them. They pray for judgment in their favor
dissolving the injunction with costs.

The trial of this case in the lower Court occupied three entire
days, and there were sixteen witnesses heard for plaintiff and
an equal number heard on behalf of defendants..

The patience of the learned Judge of the lower Court was cer-
tainly tried in every way that it was possible to do, but as in
similar cases the Judge listened carefully to the testimony,
heard arguments of counsel, weighed the testimony, and came to
the conclusion finally that plaintiff was entitled to relief
rendering the following judgment ; -

" It is ordered, adjudged and decreed, that there be judgment
in favor of plaintiff, John M. Couget, and against the defendants
Henry Vezien and Raymond Nelson, a co-partnership doing business
under the name of 'Ve Nel', jointly and in solido, decreeing that
the smoke stack, engine and boiler owned by defendants, and situ-
ated on the vacant lot of ground fronting on Morgan Street in
the Fifth District of the City of New Orleans, as opererated and
used by said defendants in connection or in conjunction with the
drying and cleaning business conducted by them at No. 539 Pat-
terson Street, in the City of New Orleans, to be a nuisance, and
accordingly said defendants, Henry Vezien and Raymond Nelson,
jointly and in solido, are hereby perpetually enjoined and pro-
hibited from operating or useing the said smoke stack, engine
and boiler until the same shall have been remodeled and recon-
structed, or to be so equipped with a smoke comsumer or other
appliance as to afford reasonable relief or security to the
plaintiff, John M. Couget from smoke or soot or both from flying
over, entering into or being deposited upon his premises at

482

No. 113 Oliver Street, in the Fifth District in the City of New Orleans.

"It is further ordered, adjudged and decreed, that there be judgment in favor of plaintiff, John M. Couget and against defendants, Henry Vezien and Raymond Nelson, jointly and in solido, in the full sum of $100. damages.

"It is further ordered, adjudged and decreed, that in all other respects, that the demand of said plaintiff against said defendants be dismissed and rejected.

" Costs to be paid by defendant".

We concur in this judgment and decree , and we are satisfied from the testimony, which it is utterly futile to discuss, and absolutely unnecessary , and would serve no useful purpose, that the law and the facts justify fully the judgment of the lower Court. The statute being Act 111 of 1898, which in our opinion, covers this case, and although quasi criminal in it's nature, neverthe less is absolute in it's terms.

It has frequently been held that nuisance such as the one in question can and will be enjoined under proper facts presented to the Court, and we refer to 2nd. Edition of High on Injunctions, Sec. 773;- " A mere smoke or disagreeable orders, though not noxious, may be a sufficient ground for the interferance of equity."

Section 775:- same authority;- " The smell of stench arising from the keeping of live hogs in cattle yards in such numbers and for such length of time as to effect the health or comfort of surrounding residents is a nuisance which equity will enjoin"

In the case of Tilton vs. N. O. City R. R. Co. 35 A. 1062. " Relief will be granted an individual only when he shows a special peculiar injury for the nusiance not common with the public"

Same authority:- " The use of steam maybe a nuisance either actually or constructive".

" A nuisance is one of that class of wrongs that arise from

483

the unreasonable, unwarrantable, or unlawful use by a person of his own property, real or personal, or from his own improper, indicreet or unlawful personal conduct, working an obstruction to, or injury of a right of another or of the public, and producing such material annoyances, inconveniance, discomfort or hurt that the law will presume a consequent damage". State .vs. Heidenhain. 42 L. 483.

" Smoke and nauseous smell may be a nuisance". Frolicher .vs. Southern Marine Works. 118 L. 1077.

" Where the right of the private action exists, injunction will lie to retrain the continuance of a nuisance and to supress it." Bell .vs. Riggs. 38. L. 557. and other authorities cited in that case.

We have cerefully considered the able brief of defendants in this case, and examined the authorities cited by him, and we do not consider that they represent/the facts/proven either or the law in this particular case, therefore not applicable to same.

Plaintiff, in this Court, has prayed for an amendment of the judgment, that heye bea allowed the full sum of $1.000.together with the Injunction as prayed for, and heretofore recited. We are convinced that plaintiff is not entitled to anything more than the able Judge of the lower Court/praded awarded him.

For these reasons, it is ordered, adjudged and decreed, that the judgment of the lower Court be, and is hereby affirmed with costs in both Courts against defendants.

—Judgment Affirmed—